UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESTER MCCANTS,

    Plaintiff,

    v.

SKYLINE AT FIRST HILL,

    Defendant.

Case No. C21-0871-RSM

ORDER GRANTING DEFENDANT
SKYLINE AT FIRST HILL'S MOTION
TO DISMISS

## I.    INTRODUCTION

This matter comes before the Court on Defendant Skyline at First Hill ("Skyline")'s Motion to Dismiss Plaintiff's First Amended Complaint.  Dkt. #20.  Plaintiff Col. Lester McCants, proceeding *pro se*, opposes Skyline's Motion.  Dkt. #22.  The Court has determined that it can rule without the need of oral argument.  Having reviewed Skyline's Motion, Plaintiff's Response, Skyline's Reply, and the remainder of the record, the Court GRANTS Skyline's Motion and DISMISSES Plaintiff's claims for unjust enrichment (counts one and two) with prejudice.

## II.    BACKGROUND

ORDER GRANTING DEFENDANT SKYLINE HILL'S MOTION TO DISMISS - 1

Skyline operates the Skyline at First Hill, a senior living community in Seattle, Washington. Dkt. #16 at ¶ 4. Plaintiff is a 101-year-old veteran who moved into unit 1303 at Skyline in December 2010 along with his wife, Lucy McCants. *Id.* at ¶ 3. In order to reserve a unit at Skyline, the McCants made a non-refundable deposit in the amount of $94,170, which was 10% of the entrance fee to reside at Skyline. Dkt. #16 at ¶ 7; Dkt. #1-1 at ¶ 1. On December 30, 2010, the McCants entered into an agreement with Skyline entitled "90% Refundable Life Care Agreement" (hereafter "the Life Care Agreement"). Dkt. #16 at ¶ 8; Dkt. #1-1. Executing the Life Care Agreement is a condition for acceptance into the Skyline community. Dkt. #1-1 at ¶ 1.1. Under the terms of the Life Care Agreement, residents must pay in full the remaining 90% balance of the entrance fee and pay ongoing monthly service fees in order to occupy their unit. For the McCants, the remaining 90% balance totaled $560,095, bringing their total entrance fee to $654,265. Dkt. #16 at ¶7; Dkt. #1-1 at ¶ 5.2. The Life Care Agreement provides that the entrance fee will not be increased or changed for the duration of the agreement, and that upon payment, it shall be the sole property of Skyline. Furthermore, the Life Care Agreement states that "[a]ll or a portion of your Entrance Fee may be refundable under conditions set forth in Article 7 of this Agreement." Dkt. #1-1 at ¶ 5.2.

Section 7 sets forth the conditions for termination of residency and obtaining a refund of the 90% balance from Skyline. A resident may terminate residence after occupancy at any time upon 30 days' prior written notice. *Id.* at 7.2(a). After termination of the Life Care Agreement in accordance with Section 7.2, or in the event of the occupant or occupants' deaths, Skyline must refund 90% of the Entrance fee "subject to the other terms of this Agreement." *Id.* at ¶ 7.4. With respect to the timing of the refund, the Life Agreement provides:

> [T]he refund will be paid *on the later of* : (i) ten (10) days after receipt of sufficient proceeds to fully fund the refund obligation from the next re-sale(s) and the

occupancy of your Residence(s) at Skyline, or (ii) termination of this Agreement, and provided that you have vacated the Residence and removed your belongings, leaving it in good condition, less normal wear and tear, and returned possession of the residence to [Skyline].

*Id.* (emphasis added).

On or around February 19, 2020, the McCants moved out of Skyline.   Dkt. #16 at ¶ 10; *see also* Dkt. #1-2 at 2.  At the time the McCants vacated their apartment, there was a past due balance on the account that parties negotiated to around $28,000 in an agreement signed by Col. McCants on July 20, 2020 ("Settlement Agreement").  *Id.* at ¶ 1, 8–10; Dkt. #21-1.  Col. McCants does not dispute the existence of the Settlement Agreement or the validity of his signature but disputes the enforceability of the Settlement Agreement for lack of consideration.  Dkt. 22 at 2.

Both parties agree that Skyline is obligated to refund Col. McCants 90% of the entrance fee within 10 days of selling their apartment unit to another tenant.  Dkt. #16 at ¶ 14; Dkt. #20 at 3.  This has not yet occurred, and so Col. McCants' right to a refund has not yet vested.  Dkt. #16 at ¶ 16.  Col. McCants alleges that Skyline deliberately delayed the sale of his apartment unit, but also acknowledges that Skyline has showed his apartment unit to 50 potential buyers over 18 months.  *Id.* at ¶16.

On June 28, 2021, Col. McCants filed this action against Skyline alleging claims of 1) breach of contract and 2) elder abuse and deceptive practices relating to funds he believed were owed to him pursuant to a contract between him and Skyline.  Dkt. #1.  He also sought a preliminary injunction to immediately recover a portion of the funds he believed were owed to him.  *Id.*  Skyline moved the court for dismissal of the Complaint under FRCP 12(b)(6) and asked the Court to deny Plaintiff's motion for preliminary injunction.  Dkt. #9.  The parties fully briefed the issues.  Dkts. #9–13.

ORDER GRANTING DEFENDANT SKYLINE HILL'S MOTION TO DISMISS - 3

On September 22, 2021, the Court granted Skyline's motion to dismiss, denied Plaintiff's motion for a preliminary injunction, and granted Plaintiff leave to amend his Complaint within 30 days.  Dkt. #15.  On October 22, 2021, Plaintiff filed an Amended Complaint alleging two counts of unjust enrichment and a count of loss of consortium/negligence against Skyline.  Dkt. #16.  On November 5, 2021, Skyline moved to dismiss the two unjust enrichment claims.  Dkt. #20. Skyline's Motion does not seek dismissal of the loss of consortium/negligence claim.  *See id.* at 2.

### III.    DISCUSSION

**A.  Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id.* at 570.

**B.  Unjust Enrichment Claims**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Skyline moves to dismiss both of Plaintiff's unjust enrichment claims on the basis that the claims are subject to contractual agreements between the parties and therefore no equitable remedy is permitted. Dkt. #20 at 6–9. First, Skyline argues that Plaintiff's unjust enrichment claim concerning the resale of his apartment (count two) is governed by the Life Care Agreement and is identical to his breach of contract claim already dismissed by this Court. Second, Skyline argues that Plaintiff's unjust enrichment claim concerning the $28,000 parking assessment (count one) is governed by the parties' Settlement Agreement.

The Court agrees with Skyline. "Unjust enrichment is the method of recovery for the value of the benefit retained *absent any contractual relationship* because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258, 1262 (2008) (emphasis added). To bring an unjust enrichment claim a plaintiff must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Id*. A plaintiff may bring an unjust enrichment claim only if the claim arises in the absence of an enforceable contract. *See, e.g., Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (Wash. 1943) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating o the same matter, in contravention of the express contract.") (emphasis added); *Univera, Inc. v. Terhune*, No. C09-5227 RBL, 2010 U.S. Dist. LEXIS 89992, 2010 WL 3489932, at *4 (W.D. Wash. Aug. 31, 2010) (Dismissal appropriate where parties "agree that they are bound by express and enforceable contracts with each other"); *see also Pengbao Xiao v. Feast Buffet, Inc.*, 387 F. Supp. 3d 1181, 1191 (W.D. Wash. 2019) ("Where a valid contract governs the rights and

ORDER GRANTING DEFENDANT SKYLINE HILL'S MOTION TO DISMISS - 5

obligations of the parties, unjust enrichment does not apply); *Mastaba, Inc. v. Lamb Weston Sales, Inc.*, 23 F.Supp. 3d 1283, 1295-96 (E.D. Wash. 2014)).

Here, Plaintiff's unjust enrichment claim for resale of the apartment unit (count two) is governed by the Life Care Agreement. Plaintiff does not dispute the validity of the Life Care Agreement and even agrees that Skyline is obligated to return 90% of the entrance fee within 10 days of the unit's resale per the agreement. Dkt. #16 at ¶ 14. In any event, it is not clear to the Court how Skyline's inability to resell Plaintiff's apartment unit constitutes unjust enrichment as the unit sits unoccupied and unsold. Skyline points out that it has "every incentive to resell the unit to a resident who will pay their monthly dues and parking fees" (Dkt. 20 at 10) and even Plaintiff acknowledges that Skyline has shown the unit to at least 50 prospective buyers (Dkt. 16 at ¶16). In his Response, Plaintiff takes issue with Skyline's decision to build another tower of apartment units and change the flooring of his apartment unit from carpet to hardwood, pointing to these decisions as evidence of deliberate delay in reselling his unit. Dkt. #22 at 4. However, the Court does not understand how these business decisions constitute unjust enrichment either. Neither the income Skyline makes from tenants in the new tower, nor the costs to change the unit's flooring are benefits conferred upon Skyline by Plaintiff.

Likewise, Plaintiff's unjust enrichment claim for the $28,0000 parking assessment (count one) is governed by the Settlement Agreement. Plaintiff argues that the Settlement Agreement is not valid because it lacks consideration. *See* Dkt. 21-1. The Court is not convinced. Under Washington law, forming a contract requires an offer, its acceptance, and consideration. *Veith v. Xterra Wetsuits, LLC,* 144 Wash.App. 362, 183 P.3d 334, 337 (Wash.2008) (citation omitted). Consideration is "any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange." *King v. Riveland,* 125 Wash.2d 500, 886 P.2d

160, 164 (1994).  Put another way, consideration is a bargained-for exchange of promises. *Williams Fruit Co. v. Hanover Ins. Co.,* 3 Wash.App. 276, 474 P.2d 577, 581 (Wash.1970).  Here, directly above Plaintiff's purported signature, the Settlement Agreement states that Plaintiff agrees to "provide Skyline with $28,949.18 to settle all outstanding amounts owed as of July 20, 2020." Dkt. 21-1 at 3.  In other words, Skyline agreed not to pursue Plaintiff for any other amounts owed so long as Plaintiff paid $28,949.18, which Plaintiff did—this is sufficient consideration to constitute the Settlement Agreement valid and enforceable.  *See Kozlov v. Brookhill Landscape & Constr., LLC*, 11 Wash. App. 2d 1004 (2019) ("Where…the debtor and creditor disagree on the amount owed, new consideration is required only when the debtor attempts to settle by tendering an amount less than the debtor acknowledges is owed…Where the debtor tenders what they acknowledge they owe in settlement of the dispute, no new consideration is require).

For these reasons, Plaintiff's unjust enrichment claims (counts one and two) are properly dismissed.

## IV.    CONCLUSION

Having reviewed Skyline's Motion to Dismiss, Plaintiff's Response, Skyline's Reply, and the remainder of the record, it is hereby ORDERED that Skyline's Motion to Dismiss, Dkt. #20, is GRANTED.  Plaintiff's first and second causes of action for unjust enrichment are DISMISSED with prejudice.

DATED this 24th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT SKYLINE HILL'S MOTION TO DISMISS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT SKYLINE HILL'S MOTION TO DISMISS - 8